1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  MICHAEL J. LEON GUERRERO, State Bar #183818
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Fifth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4285
6  Facsimile:    (415) 554-4248

7
   Attorneys for Defendant(s)
8  CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JESUS AGUIRRE, | Case No. C08-2928 BZ |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |
| vs. | |
| CITY & COUNTY OF SAN FRANCISCO, | [Fed.R.Civ.P. §12(b)(6)] |
| Defendant. | Hearing Date: September 17, 2008<br>Time:    10:00 a.m.<br>Place:   Courtroom G, 15th Floor<br>         United States District Court<br>         450 Golden Gate Ave.<br>         San Francisco, CA 94102<br>Judge:   Hon. Bernard Zimmerman<br>Trial Date: Not Set |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii
NOTICE OF MOTION ...............................................................................................................1
STATEMENT OF COURT ACTION SOUGHT BY MOVING PARTY ....................................1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FED. R. CIV. P. 12(b)(6) MOTION .......................................................................................................................1
    I.    INTRODUCTION ...................................................................................................1
    II.    LEGAL STANDARD FOR RULE 12(B)(6) MOTION .........................................2
    III.    BACKGROUND .....................................................................................................2
        A.    Aguirre's 2004 and 2008 Complaint Allegations. ........................................2
    IV.    ARGUMENT ...........................................................................................................3
        A.    Aguirre's New Complaint Is Barred By Res Judicata And Collateral Estoppel. ........................................................................................................3
        B.    Aguirre's Complaint Must Be Dismissed Because He Failed To Exhaust His Administrative Remedies. .......................................................................4
    V.    CONCLUSION ........................................................................................................5

# TABLE OF AUTHORITIES

**State Cases**

*Brinton v. Bankers Pension Services, Inc.*
 (1999) 76 Cal. App. 4th 550 ............................................................................................................3

*Federation of Hillside and Canyon Associations v. City of Los Angeles*
 (2004) 126 Cal. App. 4th 1180 .......................................................................................................4

*Mycogen Corp. v. Monsanto Co.*
 (2002) 28 Cal. 4th 904 ...................................................................................................................4

*Olsen v. Breeze*
 (1996) 48 Cal.App.4th 608 ............................................................................................................4

*Weikel v. TCW Realty Fund II*
 (1997) 55 Cal.App.4th 1234 .........................................................................................................4

**Federal Cases**

*Balistreri v Pacifica Police Dept.*
 901 F.2d 696 (9th Cir. 1988) .........................................................................................................2

*Carter v. Smith Food King*
 765 F.2d 916 (9th Cir. 1985) .........................................................................................................4

*Gayden v. Nourbakhsh*
 67 F.3d 798 (9th Cir. 1995) ..........................................................................................................3

*In re Silicon Graphics, Inc. Securities Litigation*
  970 F. Supp. 746 (N.D. Cal. 1997) ..............................................................................................2

*Kremer v. Chemical Const. Corp.*
 456 U.S. 461 (1982) ......................................................................................................................3

*National Railroad Passenger Corp. v. Morgan*
 536 U.S. 101 (2002) ......................................................................................................................4

**Federal Statutes**

28 U.S.C.
 §1738 .............................................................................................................................................3

42 U.S.C.
 §2000e-5(e)(1) ..............................................................................................................................4

42 U.S.C.
 §2000e-5(f)(1) ...............................................................................................................................4

42 U.S.C.
 §12117(a) ......................................................................................................................................4

Federal Rule of Civil Procedure
    12(b)(6) ................................................................................................................................1, 2

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 17, 2008 in Courtroom G, 15th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, at 10:00 a.m. or as soon thereafter as counsel can be heard, defendant City and County of San Francisco ("defendant" or "City"), will and hereby moves for dismissal of plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  This motion is based on this document, defendant's request for judicial notice, all other pleadings and papers in this action, and on any oral argument entertained by the Court at the hearing of this matter.

## STATEMENT OF COURT ACTION SOUGHT BY MOVING PARTY

1. At the date, time and location set forth above, defendants will move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal of plaintiff's entire Complaint for failure to state a claim upon which relief can be granted.  Specifically, defendants move to dismiss plaintiff's Title VII employment discrimination complaint based on res judicata, collateral estoppel, and failure to exhaust administrative remedies.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FED. R. CIV. P. 12(b)(6) MOTION

## I.     INTRODUCTION

Plaintiff Jesus Aguirre's ("Aguirre") June 12, 2008 Employment Discrimination Complaint against the City is merely a re-filling of his dismissed June 24, 2004 federal Employment Discrimination Complaint.  Aguirre's 2004 complaint alleged the same facts as in his recent 2008 complaint: Aguirre worked for the City, was injured on March 31, 2000, was released to return to work but not returned due to alleged discrimination.  United States District Judge Phyllis J. Hamilton dismissed Aguirre's complaint with prejudice on September 10, 2004 and entered Judgment.  Accordingly, Aguirre's 2008 lawsuit is barred by res judicata and collateral estoppel.  Moreover, his new complaint is barred because he failed to timely file his EEOC administrative charge, as highlighted by the EEOC's notice to Aguirre.

## II. LEGAL STANDARD FOR RULE 12(B)(6) MOTION

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may respond to a complaint by a motion to dismiss a complaint, or part of a complaint, for failure to state a claim upon which relief can be granted.  The Court may dismiss a complaint as a matter of law for either of two reasons:  (1) lack of cognizable legal theory; or (2) the pleading of insufficient facts under a cognizable legal theory.  *Balistreri v Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  In ruling on a 12(b)(6) motion, District Courts must accept all material allegations of fact alleged in the complaint as true, and resolve all doubts in favor of the Plaintiffs.  *In re Silicon Graphics, Inc. Securities Litigation,* 970 F. Supp. 746, 751 (N.D. Cal. 1997).

## III. BACKGROUND

### A. Aguirre's 2004 and 2008 Complaint Allegations.

Aguirre filed a Title VII Employment Discrimination Complaint against defendant City and County of San Francisco ("City") on June 24, 2004, Case No. C04-2556 BZ.  *See Defendant's Request for Judicial Notice, Exhibit A (Complaint).*  Aguirre alleged that he worked for the City, injured his back on March 31, 2000, was released to return to work, but was not returned due to alleged discrimination.  *Id.*  Aguirre listed March 31, 2000 as the date of the alleged discrimination, and February 26, 2004 for the date he filed his administrative EEOC charge.  *Id.*

On August 19, 2004, Judge Hamilton issued an Order to Show Cause Re Statute of Limitations.  *See Defendant's Request for Judicial Notice, Exhibit B (Order).*  The Court ordered Aguirre to explain why he waited over three years to file a claim with the EEOC, and how the lawsuit could be considered timely filed.  *Id.*  On September 2, 2004, Aguirre filed a response to the Order to Show Cause.  *See Defendant's Request for Judicial Notice, Exhibit C (Aguirre pleading.)*  On September 10, 2004, Judge Hamilton found Aguirre's case time-barred under the statute of limitations, issued an Order dismissing the case with prejudice, and entered Judgment for the City. *See Defendant's Request for Judicial Notice, Exhibits D &E (Order & Judgment).*

Aguirre filed his most recent Title VII Employment Discrimination Complaint against the City on June 12, 2008, Case No. CV08-2928 BZ.  *See Defendant's Request for Judicial Notice, Exhibit F (Complaint).*  This complaint similarly alleges that Aguirre worked for the City, injured his

back on March 31, 2000, was released to return to work, but not returned due to alleged discrimination. *Id., see factual Statement at pgs. 1-3.* Although Aguirre filed his complaint on June 12, 2008, the factual Statement attached to his complaint is dated February 23, 2004. *Id*. Also, the EEOC charge attached to the complaint is dated February 23, 2005, and refers to March 31, 2000 as the date of the injury/failure to return to work. *Id. (EEOC charge).* Aguirre's complaint attached the EEOC's dismissal letter, which states that "[y]our charge was not timely filed with the EEOC, in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." *Id. (EEOC's 4/30/08 Dismissal and Notice of Rights letter to Aguirre.)*

## IV.   ARGUMENT

### A.   Aguirre's New Complaint Is Barred By Res Judicata And Collateral Estoppel

"The doctrine of res judicata precludes the relitigation of certain matters which have been resolved in a prior proceeding under certain circumstances. Its purpose is 'to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation.'" *Brinton v. Bankers Pension Services, Inc.*, 76 Cal. App. 4th 550, 556, 90 Cal. Rptr.2d 469 (1999) (citations omitted).[1] The doctrine applies both to a previously litigated cause of action (claim preclusion), and to an issue necessarily decided in a prior action (issue preclusion or collateral estoppel). *Id.* "The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id.* (citations omitted).

The Supreme Court defines res judicata as "a final judgment on the merits of an action that precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982). In California, two

---

[1] In determining the collateral estoppel effect of a court judgment, federal courts apply the collateral estoppel rules of the state in which they sit. 28 U.S.C. § 1738; *Gayden v. Nourbakhsh*, 67 F.3d 798, 800 (9th Cir. 1995).

1  claims are the same for res judicata purposes if they are based on the same "primary right" to be free
2  from a particular injury. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 904 (2002). "The primary
3  rights theory incorporates a transactional approach," which bars a subsequent claim based on the
4  same set of facts as the earlier claim. *Federation of Hillside and Canyon Associations v. City of Los
5  Angeles*, 126 Cal. App. 4th 1180, 1203 (2004); *Weikel v. TCW Realty Fund II,* 55 Cal.App.4th 1234,
6  1248 (1997); *Olsen v. Breeze,* 48 Cal.App.4th 608, 624 (1996).

7  Here, Aguirre's present lawsuit is barred by res judicata and collateral estoppel. Aguirre's
8  June 24, 2004 federal Title VII employment discrimination complaint alleged that he was injured on
9  March 31, 2000, that he was released to return to work, but was not returned due to alleged
10 discrimination. These are the same allegations set forth in the current June 12, 2008 lawsuit. The
11 parties to the two lawsuits are the same – the City and Aguirre. Judge Hamilton issued an Order
12 dismissing Aguirre's 2004 lawsuit with prejudice in September 2004, and entered Judgment for the
13 City. Therefore, under the above-referenced authorities, Aguirre's current lawsuit is barred by res
14 judicata and collateral estoppel.

### B. Aguirre's Complaint Must Be Dismissed Because He Failed To Exhaust His Administrative Remedies.

Under Title VII, a plaintiff must file a timely administrative charge with the EEOC prior to instituting a lawsuit. *See* 42 U.S.C. § 2000e-5(f)(1); *Carter v. Smith Food King,* 765 F.2d 916, 921 (9th Cir. 1985). Under the American with Disabilities Act, a claim must be filed with the EEOC within 300 days of the alleged discriminatory act. 42 U.S.C. §2000e-5(e)(1) (Title VII requirements); 42 U.S.C. §12117(a) (adopting Title VII requirements under the ADA.) The United States Supreme Court held in *National Railroad Passenger Corp. v. Morgan* (2002) 536 U.S. 101, 110-115 that each alleged discrete discriminatory act is a separate unlawful employment practice for purposes of the limitations period. The Court stated that discrete acts, such as an alleged failure to hire, are barred if not filed within the 300-day period. The Court emphasized that "discrete discriminatory acts are not actionable if time barred" and that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.*

1  Here, Aguirre's complaint states that he filed his federal EEOC charge on April 18, 2008, and
2  received his Notice of Right to Sue letter on April 30, 2008.  Aguirre attached both his EEOC charge
3  and right to sue letter to his complaint.  However, the EEOC charge states that the latest act of
4  discrimination occurred on February 23, 2005.  This is consistent with his complaint wherein he
5  states "the alleged discrimination occurred on or about 2/23/05".  *Ex. F at ¶7*.  Thus, because the
6  latest act of discrimination occurred in February 2005, his April 18, 2008 EEOC charge was filed
7  well beyond the 300-day statute of limitation, and is over two years late.  Accordingly, the EEOC
8  notified Aguirre in its April 30, 2008 letter that his "charge was not timely filed with the EEOC." *Ex.*
9  *F*.  Here, because Aguirre has failed to timely exhaust his administrative remedies, or comply with
10 the statute of limitations, his complaint should be dismissed on this separate and independent basis.

## V.     CONCLUSION

For the above-mentioned reasons, the City respectfully requests that the Court dismiss plaintiff Aguirre's most recent lawsuit against the City with prejudice.

Dated:  August 6, 2008

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
MICHAEL J. LEON GUERRERO
Deputy City Attorneys

By: : s:/Michael J. Leon Guerrero
        MICHAEL J. LEON GUERRERO
        Attorneys for Defendant
        City and County of San Francisco

**PROOF OF SERVICE**
*JESUS AGUIRRE v. CCSF*
**USDC Court No. C08-2928 BZ**

I, DEBRA GRIFFIN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On August 7, 2008, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION;**

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS (F.R.C.P. 12(b)(6));·**

**DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE;**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (F.R.C.P. 12(b)(6))**

on the following persons at the locations specified:

| JESUS AGUIRRE<br>26 LESSING STREET<br>SAN FRANCISCO, CA  94112 | IN PRO PER |
|---|---|

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 7, 2008, at San Francisco, California.

/s/ Debra Griffin
DEBRA GRIFFIN