```
 1  DENNIS J. HERRERA, State Bar #139669
    City Attorney
 2  ELIZABETH S. SALVESON, State Bar #83788
    Chief Labor Attorney
 3  MICHAEL J. LEON GUERRERO, State Bar #183818
    Deputy City Attorney
 4  Fox Plaza
    1390 Market Street, Fifth Floor
 5  San Francisco, California 94102-5408
    Telephone:    (415) 554-4285
 6  Facsimile:    (415) 554-4248

 7

 8  Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS AGUIRRE,<br><br>   Plaintiff,<br><br> vs.<br><br>CITY & COUNTY OF SAN FRANCISCO,<br><br>   Defendant(s). | Case No. C08-2928 BZ<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (F.R.C.P. 12(b)(6))**<br><br>Hearing Date: September 17, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom G, 15th Floor<br>    United States District Court<br>    450 Golden Gate Ave.<br>    San Francisco, CA 94102<br>Judge:  Hon. Bernard Zimmerman<br>Trial Date: Not Set |

1    Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) came on
2 regularly for hearing on September 17, 2008 before this Court, _____ United
3 States District Court Judge presiding.  After reviewing the parties' moving, opposing and reply papers
4 and oral argument, this Court rules as follows:
5 **1)    Defendants' Motion to Dismiss plaintiff Jesus Aguirre's ("Aguirre") complaint is**
6 **GRANTED WITH PREJUDICE.**  Aguirre filed a Title VII Employment Discrimination Complaint
7 against defendant City and County of San Francisco ("City") on June 24, 2004.  *See Defendant's*
8 *Request for Judicial Notice, Exhibit A (Complaint).*  Aguirre alleged that he worked for the City,
9 injured his back on March 31, 2000, was released to return to work, but was not returned due to
10 alleged discrimination.  *Id.*  Aguirre listed March 31, 2000 as the date of the alleged discrimination,
11 and February 26, 2004 for the date he filed his administrative EEOC charge.  *Id.*
12   On August 19, 2004, Judge Hamilton issued an Order to Show Cause Re Statute of
13 Limitations.  *See Defendant's Request for Judicial Notice, Exhibit B (Order).*  The Court ordered
14 Aguirre to explain why he waited over three years to file a claim with the EEOC, and how the lawsuit
15 could be considered timely filed.  *Id.*  On September 2, 2004, Aguirre filed a response to the Order to
16 Show Cause.  *See Defendant's Request for Judicial Notice, Exhibit C (Aguirre pleading.)*  On
17 September 10, 2004, Judge Hamilton found Aguirre's case time-barred under the statute of
18 limitations, issued an Order dismissing the case with prejudice, and entered Judgment for the City.
19 *See Defendant's Request for Judicial Notice, Exhibits D &E (Order & Judgment).*
20   Aguirre filed his most recent Title VII Employment Discrimination Complaint against the
21 City on June 12, 2008, case no. CV08-2928 BZ.  *See Defendant's Request for Judicial Notice, Exhibit*
22 *F (Complaint).*  This complaint similarly alleges that Aguirre worked for the City, injured his back on
23 March 31, 2000, was released to return to work, but not returned due to alleged discrimination.  *Id.,*
24 *see factual Statement at pgs. 1-3.*  Although Aguirre filed his complaint on June 12, 2008, the factual
25 Statement attached to his complaint is dated February 23, 2004.  *Id.*  Also, the EEOC charge attached
26 to the complaint is dated February 23, 2005, and refers to March 31, 2000 as the date of the
27 injury/failure to return to work.  *Id. (EEOC charge).*  Aguirre's complaint attached the EEOC's
28 dismissal letter, which stated that "[y]our charge was not timely filed with the EEOC, in other words,

1  you waited too long after the date(s) of the alleged discrimination to file your charge." *Id. (EEOC's*
2  *4/30/08 Dismissal and Notice of Rights letter to Aguirre.)*

**2)      Aguirre's New 2008 Complaint Is Barred By Res Judicata And Collateral Estoppel.**

*See  Brinton v. Bankers Pension Services, Inc.*, 76 Cal. App. 4th 550, 556, 90 Cal. Rptr.2d 469 (1999) (citations omitted); *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982). Aguirre's June 24, 2004 federal Title VII employment discrimination complaint alleged that he was injured on March 31, 2000, that he was released to return to work, but was not returned due to alleged discrimination.  These are the same allegations set forth in the current June 12, 2008 lawsuit.  The parties to the two lawsuits are the same – the City and Aguirre.  Judge Hamilton issued an Order dismissing Aguirre's 2004 lawsuit with prejudice in September 2004, and entered Judgment for the City.  Therefore, under the above-referenced authorities, Aguirre's current lawsuit is barred by res judicata and collateral estoppel.

**3)      Aguirre's Failed To Exhaust His Administrative Remedies.**

Under Title VII, a plaintiff must file a timely administrative charge with the EEOC prior to instituting a lawsuit. *See* 42 U.S.C. § 2000e-5(f)(1); *Carter v. Smith Food King,* 765 F.2d 916, 921 (9th Cir. 1985).  Under the American with Disabilities Act, a claim must be filed with the EEOC within 300 days of the alleged discriminatory act.  42 U.S.C. §2000e-5(e)(1) (Title VII requirements); 42 U.S.C. §12117(a) (adopting Title VII requirements under the ADA.)  The United States Supreme Court held in *National Railroad Passenger Corp. v. Morgan* (2002) 536 U.S. 101, 110-115 that each alleged discrete discriminatory act is a separate unlawful employment practice for purposes of the limitations period.  The Court stated that discrete acts, such as an alleged failure to hire, are barred if not filed within the 300-day period.

Here, Aguirre's complaint states that he filed his federal EEOC charge on April 18, 2008, and received his Notice of Right to Sue letter on April 30, 2008.  Aguirre attached both his EEOC charge and right to sue letter to his complaint.  However, the EEOC charge states that the latest act of discrimination occurred on February 23, 2005.  This is consistent with his complaint wherein he states "the alleged discrimination occurred on or about 2/23/05". *Ex. F at ¶7*.  Thus, because the latest act of discrimination occurred in February 2005, his April 18, 2008 EEOC charge was filed

1  well beyond the 300-day statute of limitation, and is over two years late.  Accordingly, the EEOC

2  notified Aguirre in its April 30, 2008 letter that his "charge was not timely filed with the EEOC." *Ex.*

3  *F*.  Here, because Aguirre has failed to timely exhaust his administrative remedies, or comply with

4  the statute of limitations, his complaint is dismissed on this separate and independent basis.

5  **IT IS SO ORDERED.**

6  Dated: _____

_____
Judge, United States District Court