1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  MICHAEL J. LEON GUERRERO, State Bar #183818
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Fifth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4285
6  Facsimile:    (415) 554-4248

7

   Attorneys for Defendant
8  CITY AND COUNTY OF SAN FRANCISCO

9

10                  UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  JESUS AGUIRRE,                          Case No. C08-2928 BZ

14              Plaintiff,                   **[PROPOSED] ORDER GRANTING
                                             DEFENDANTS' MOTION TO DISMISS
                vs.                          (F.R.C.P. 12(b)(6))**
15

16  CITY & COUNTY OF SAN                     Hearing Date: September 17, 2008
    FRANCISCO,                               Time:         10:00 a.m.
17                                           Place:        Courtroom G, 15th Floor
                Defendant(s).                              United States District Court
18                                                         450 Golden Gate Ave.
                                                           San Francisco, CA 94102
19                                           Judge:        Hon. Bernard Zimmerman
                                             Trial Date:   Not Set
20

21

22

23

24

25

26

27

28

PROPOSED ORDER                          1                    n:\labor\li2008\090095\00501775.doc
CASE NO.  C08-2928 BZ

Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) came on regularly for hearing on September 17, 2008 before this Court, _____ United States District Court Judge presiding.  After reviewing the parties' moving, opposing and reply papers and oral argument, this Court rules as follows:

**1)      Defendants' Motion to Dismiss plaintiff Jesus Aguirre's ("Aguirre") complaint is GRANTED WITH PREJUDICE.**  Aguirre filed a Title VII Employment Discrimination Complaint against defendant City and County of San Francisco ("City") on June 24, 2004.  *See Defendant's Request for Judicial Notice, Exhibit A (Complaint).*  Aguirre alleged that he worked for the City, injured his back on March 31, 2000, was released to return to work, but was not returned due to alleged discrimination.  *Id.*  Aguirre listed March 31, 2000 as the date of the alleged discrimination, and February 26, 2004 for the date he filed his administrative EEOC charge.  *Id.*

On August 19, 2004, Judge Hamilton issued an Order to Show Cause Re Statute of Limitations.  *See Defendant's Request for Judicial Notice, Exhibit B (Order).*  The Court ordered Aguirre to explain why he waited over three years to file a claim with the EEOC, and how the lawsuit could be considered timely filed.  *Id.*  On September 2, 2004, Aguirre filed a response to the Order to Show Cause.  *See Defendant's Request for Judicial Notice, Exhibit C (Aguirre pleading.)*  On September 10, 2004, Judge Hamilton found Aguirre's case time-barred under the statute of limitations, issued an Order dismissing the case with prejudice, and entered Judgment for the City.  *See Defendant's Request for Judicial Notice, Exhibits D &E (Order & Judgment).*

Aguirre filed his most recent Title VII Employment Discrimination Complaint against the City on June 12, 2008, case no. CV08-2928 BZ.  *See Defendant's Request for Judicial Notice, Exhibit F (Complaint).*  This complaint similarly alleges that Aguirre worked for the City, injured his back on March 31, 2000, was released to return to work, but not returned due to alleged discrimination.  *Id., see factual Statement at pgs. 1-3.*  Although Aguirre filed his complaint on June 12, 2008, the factual Statement attached to his complaint is dated February 23, 2004.  *Id.*  Also, the EEOC charge attached to the complaint is dated February 23, 2005, and refers to March 31, 2000 as the date of the injury/failure to return to work.  *Id. (EEOC charge).*  Aguirre's complaint attached the EEOC's dismissal letter, which stated that "[y]our charge was not timely filed with the EEOC, in other words,

1  you waited too long after the date(s) of the alleged discrimination to file your charge." *Id. (EEOC's*

2  *4/30/08 Dismissal and Notice of Rights letter to Aguirre.)*

3  **2)      Aguirre's New 2008 Complaint Is Barred By Res Judicata And Collateral Estoppel.**

4  *See  Brinton v. Bankers Pension Services, Inc.*, 76 Cal. App. 4th 550, 556, 90 Cal. Rptr.2d 469

5  (1999) (citations omitted); *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982).

6  Aguirre's June 24, 2004 federal Title VII employment discrimination complaint alleged that he was

7  injured on March 31, 2000, that he was released to return to work, but was not returned due to alleged

8  discrimination.  These are the same allegations set forth in the current June 12, 2008 lawsuit.  The

9  parties to the two lawsuits are the same – the City and Aguirre.  Judge Hamilton issued an Order

10  dismissing Aguirre's 2004 lawsuit with prejudice in September 2004, and entered Judgment for the

11  City.  Therefore, under the above-referenced authorities, Aguirre's current lawsuit is barred by res

12  judicata and collateral estoppel.

13  **3)      Aguirre's Failed To Exhaust His Administrative Remedies.**

14          Under Title VII, a plaintiff must file a timely administrative charge with the EEOC prior to

15  instituting a lawsuit.  *See* 42 U.S.C. § 2000e-5(f)(1); *Carter v. Smith Food King,* 765 F.2d 916, 921

16  (9th Cir. 1985).  Under the American with Disabilities Act, a claim must be filed with the EEOC

17  within 300 days of the alleged discriminatory act.  42 U.S.C. §2000e-5(e)(1) (Title VII requirements);

18  42 U.S.C. §12117(a) (adopting Title VII requirements under the ADA.)  The United States Supreme

19  Court held in *National Railroad Passenger Corp. v. Morgan* (2002) 536 U.S. 101, 110-115 that each

20  alleged discrete discriminatory act is a separate unlawful employment practice for purposes of the

21  limitations period.  The Court stated that discrete acts, such as an alleged failure to hire, are barred if

22  not filed within the 300-day period.

23          Here, Aguirre's complaint states that he filed his federal EEOC charge on April 18, 2008, and

24  received his Notice of Right to Sue letter on April 30, 2008.  Aguirre attached both his EEOC charge

25  and right to sue letter to his complaint.  However, the EEOC charge states that the latest act of

26  discrimination occurred on February 23, 2005.  This is consistent with his complaint wherein he

27  states "the alleged discrimination occurred on or about 2/23/05".  *Ex. F at ¶7.*  Thus, because the

28  latest act of discrimination occurred in February 2005, his April 18, 2008 EEOC charge was filed

well beyond the 300-day statute of limitation, and is over two years late. Accordingly, the EEOC notified Aguirre in its April 30, 2008 letter that his "charge was not timely filed with the EEOC." *Ex. F.* Here, because Aguirre has failed to timely exhaust his administrative remedies, or comply with the statute of limitations, his complaint is dismissed on this separate and independent basis.

**IT IS SO ORDERED.**

Dated: _____


_____
Judge, United States District Court