1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  MICHAEL J. LEON GUERRERO, State Bar #183818
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Fifth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4285
6  Facsimile:    (415) 554-4248

7

   Attorneys for Defendant
8  CITY AND COUNTY OF SAN FRANCISCO

9

10
                        UNITED STATES DISTRICT COURT
11
                       NORTHERN DISTRICT OF CALIFORNIA
12

| JESUS AGUIRRE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY & COUNTY OF SAN FRANCISCO,<br><br>Defendant(s). | Case No. C 04-2556 PJH<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br>**(Civ. Local Rule 3-12(b))**<br><br>Hearing Date: Not Set<br>Time:         Not Set<br>Place:        United States District Court<br>              Courtroom 3<br>              400 Golden Gate Ave. 17th fl<br>              San Francisco, California<br>Judge:        Hon. Phyllis J. Hamilton<br>Trial Date:   Not Set |
|---|---|
| JESUS AGUIRRE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY & COUNTY OF SAN FRANCISCO,<br><br>Defendant(s). | Case No. C08-2928 SBA<br><br>[*Related Case*] |

**TO:    PLAINTIFF JESUS AGUIRRE:**

Pursuant to the Honorable Saundra Brown Armstrong's September 2, 2008 Order, Defendant City and County of San Francisco hereby files this Administrative Motion to Consider Whether Cases Should Be Related under Civil Local Rule 3-12(b).  The Motion is filed under the earliest-filed case number, Case No. C 04-2556 PJH.  The Motion is being served on Plaintiff Jesus Aguirre and Chambers Copies are being provided to Judge Phyllis J. Hamilton and Judge Saundra Brown Armstrong.

## II.    INTRODUCTION

Plaintiff Jesus Aguirre ("Aguirre") filed a Title VII Employment Discrimination Complaint against defendant City and County of San Francisco ("City") on June 24, 2004, Case No. C04-2556. *See Defendant's Request for Judicial Notice In Support of Administrative Motion ("RJN") Exhibit A (Complaint)*.  Aguirre alleged that he worked for the City, injured his back on March 31, 2000, was released to return to work, but was not returned due to alleged discrimination.  *Id.*  Aguirre listed March 31, 2000 as the date of the alleged discrimination, and February 26, 2004 for the date he filed his administrative EEOC charge.  *Id*.

On August 19, 2004, Judge Hamilton issued an Order to Show Cause Re Statute of Limitations.  *See RJN Exhibit B (Order).*  The Court ordered Aguirre to explain why he waited over three years to file a claim with the EEOC, and how the lawsuit could be considered timely filed.  *Id.*  On September 2, 2004, Aguirre filed a response to the Order to Show Cause.  *See RJN Exhibit C (Aguirre pleading.)*  On September 10, 2004, Judge Hamilton found Aguirre's case time-barred under the statute of limitations, issued an Order dismissing the case with prejudice, and entered Judgment for the City.  *See RJN, Exhibits D &E (Order & Judgment).*

On June 12, 2008, Aguirre filed the current Title VII Employment Discrimination Complaint against the City, Case No. CV08-2928.  *See RJN Exhibit F (Complaint).*  This complaint is assigned the Honorable Saundra Brown Armstrong.  This complaint also alleges that Aguirre worked for the City, injured his back on March 31, 2000, was released to return to work, but not returned due to alleged discrimination.  *Id.; see factual Statement at pgs. 1-3.*  Although Aguirre filed his complaint

on June 12, 2008, the factual Statement attached to his complaint is dated February 23, 2004. *Id.* Also, the EEOC charge attached to the complaint is dated February 23, 2005, and refers to March 31, 2000 as the date of the injury/failure to return to work. *Id. (EEOC charge)*. Aguirre's complaint attached the EEOC's dismissal letter, which states that "[y]our charge was not timely filed with the EEOC, in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." *Id. (EEOC's 4/30/08 Dismissal and Notice of Rights letter to Aguirre.)*

Under Civil Local Rule 3-12(a), the two above-referenced actions by Aguirre involve the same parties, same allegations of wrongful conduct, and same request for damages. Accordingly, it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

## I. ARGUMENT

### A. Aguirre's New Complaint Is Barred By Res Judicata And Collateral Estoppel

"The doctrine of res judicata precludes the relitigation of certain matters which have been resolved in a prior proceeding under certain circumstances. Its purpose is 'to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation.'" *Brinton v. Bankers Pension Services, Inc.*, 76 Cal. App. 4th 550, 556, 90 Cal. Rptr.2d 469 (1999) (citations omitted).[1] The doctrine applies both to a previously litigated cause of action (claim preclusion), and to an issue necessarily decided in a prior action (issue preclusion or collateral estoppel). *Id.* "The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id.* (citations omitted).

[1] In determining the collateral estoppel effect of a court judgment, federal courts apply the collateral estoppel rules of the state in which they sit. 28 U.S.C. § 1738; *Gayden v. Nourbakhsh*, 67 F.3d 798, 800 (9th Cir. 1995).

The Supreme Court defines res judicata as "a final judgment on the merits of an action that precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982). In California, two claims are the same for res judicata purposes if they are based on the same "primary right" to be free from a particular injury. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 904 (2002). "The primary rights theory incorporates a transactional approach," which bars a subsequent claim based on the same set of facts as the earlier claim. *Federation of Hillside and Canyon Associations v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1203 (2004); *Weikel v. TCW Realty Fund II,* 55 Cal.App.4th 1234, 1248 (1997); *Olsen v. Breeze,* 48 Cal.App.4th 608, 624 (1996).

Here, Aguirre's present lawsuit is barred by res judicata and collateral estoppel. Aguirre's June 24, 2004 federal Title VII employment discrimination complaint alleged that he was injured on March 31, 2000, that he was released to return to work, but was not returned due to alleged discrimination. These are the same allegations set forth in the current June 12, 2008 lawsuit. The parties to the two lawsuits are the same – the City and Aguirre. Judge Hamilton issued an Order dismissing Aguirre's 2004 lawsuit with prejudice in September 2004, and entered Judgment for the City. Therefore, under the above-referenced authorities, Aguirre's current lawsuit is barred by res judicata and collateral estoppel.

**B.      Aguirre's Complaint Must Be Dismissed Because He Failed To Exhaust His Administrative Remedies.**

Under Title VII, a plaintiff must file a timely administrative charge with the EEOC prior to instituting a lawsuit. *See* 42 U.S.C. § 2000e-5(f)(1); *Carter v. Smith Food King,* 765 F.2d 916, 921 (9th Cir. 1985). Under the American with Disabilities Act, a claim must be filed with the EEOC within 300 days of the alleged discriminatory act. 42 U.S.C. §2000e-5(e)(1) (Title VII requirements); 42 U.S.C. §12117(a) (adopting Title VII requirements under the ADA.) The United States Supreme Court held in *National Railroad Passenger Corp. v. Morgan* (2002) 536 U.S. 101, 110-115 that each alleged discrete discriminatory act is a separate unlawful employment practice for purposes of the limitations period. The Court stated that discrete acts, such as an alleged failure to hire, are barred if not filed within the 300-day period. The Court emphasized that "discrete discriminatory acts are not

1  actionable if time barred" and that "[e]ach discrete discriminatory act starts a new clock for filing
2  charges alleging that act." *Id.*

3       Here, Aguirre's complaint states that he filed his federal EEOC charge on April 18, 2008, and
4  received his Notice of Right to Sue letter on April 30, 2008.  Aguirre attached both his EEOC charge
5  and right to sue letter to his complaint.  However, the EEOC charge states that the latest act of
6  discrimination occurred on February 23, 2005.  This is consistent with his complaint wherein he
7  states "the alleged discrimination occurred on or about 2/23/05".  *Ex. F at ¶7.*  Thus, because the
8  latest act of discrimination occurred in February 2005, his April 18, 2008 EEOC charge was filed
9  well beyond the 300-day statute of limitation, and is over two years late.  Accordingly, the EEOC
10 notified Aguirre in its April 30, 2008 letter that his "charge was not timely filed with the EEOC." *Ex.*
11 *F*.  Here, because Aguirre has failed to timely exhaust his administrative remedies, or comply with
12 the statute of limitations, his complaint should be dismissed on this separate and independent basis.

14 Dated:  September 4, 2008          DENNIS J. HERRERA
                                      City Attorney
15                                    ELIZABETH S. SALVESON
                                      Chief Labor Attorney
16                                    MICHAEL J. LEON GUERRERO
                                      Deputy City Attorneys
17
                                    By: : /s/Michael J. Leon Guerrero
18                                       MICHAEL J. LEON GUERRERO